UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Foremost Signature Insurance Company, <br><br> Plaintiff, <br><br> v. <br><br> 170 Little East Neck Road LLC and Linda Ventura <br><br> Defendants. | ORDER <br><br> No. 2:21-cv-01310-NRM-AYS |

NINA R. MORRISON, United States District Judge:

      Plaintiff Foremost Signature Insurance Co. ("Foremost") commenced this declaratory judgment action on March 11, 2021, against Defendants 170 Little East Neck Road, LLC ("Little East") and Linda Ventura ("Ventura") seeking a declaration that it has no obligation to defend or indemnify Little East in an underlying state court personal injury action ("the Underlying Action"). *See* Compl., ECF No. 1 ¶ 11, 14–16, "Wherefore" clause. In the Underlying Action, Ventura, a self-employed financial advisor leasing a suite ("the Premises") for her business on the second floor of the property at 170 Little East Neck Road, sued Little East in New York Supreme Court, Suffolk County, alleging she sustained injuries resulting from slipping on ice on a walkway near an exterior door the Property. *See* R&R at 5. Foremost and Little East cross-moved for summary judgment. While Foremost seeks a declaration that it is not obligated to defend or indemnify Little East, Little East seeks the opposite: a declaration that it does qualify as an insured under the

1

Foremost policy and that Foremost has the duty to defend and indemnify Little East and to reimburse Little East and Merchants (Little East's insurance provider) for past attorneys' fees and costs, and reasonable attorneys' fees and costs in defending the instant action. Def.'s Mot. for Summ. J., ECF No. 31-13 at 12. The Court assumes the parties' familiarity with the underlying facts.

I. **Background**

Pending before the Court is the Report and Recommendation ("R&R") by the Honorable Anne Y. Shields, United States Magistrate Judge, which, among other things: (1) provides a thorough factual background of the parties' interactions, including an explanation of the Underlying Action giving rise to this dispute over Foremost's duty to defend and indemnify Little East; (2) outlines the procedural history of the case; and (3) identifies the relevant applicable law. *See* R&R, ECF No. 38. Judge Shields recommends granting Foremost's motion for summary judgment in its entirety and awarding Foremost a declaratory judgment that it has no obligation to defend or indemnify Little East in the Underlying Action, denying Little East's motion for summary judgment, and dismissing the counterclaims asserted by Little East seeking a defense and coverage as an identified insured in the Underlying Action. R&R at 14. Judge Shields reasoned that Little East does not qualify as an insured under the Foremost policy, since the injury alleged in the Underlying Action did not "arise out of" Ventura's "maintenance or use of the Premises," nor did the lease impose any obligations on Ventura regarding maintenance on the walkway outside of the building where she was injured. R&R

2

at 13. Because "Ventura's injury was not a risk for which Foremost provided insurance coverage," Foremost should have no duty to defend or indemnify Little East in Ventura's action regarding that injury. *Id.*

Little East timely objected to the R&R, *see* Obj., ECF No. 41, and Foremost opposes the objections. *See* Opp'n to Obj., ECF No. 42.

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Following the issuance of a R&R, the parties are given an opportunity to file written objections to the R&R. *See* 28 U.S.C. § 636(b)(1). The district judge must evaluate *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *United States v. Drago*, No. 18-CR-0394 (SJF) (AYS), 2019 WL 3072288, *1 (E.D.N.Y. July 15, 2019). However, where a party files an objection that is "conclusory or general . . . or simply reiterates [the] original arguments," that portion of the R&R is reviewed "only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008); *see* Fed. R. Civ. P. 72(b)(3). A party that fails to timely object waives any further judicial review of a magistrate judge's findings. *See Mejia v. Roma Cleaning Inc.*, 751 F. App'x 134, 136 (2d Cir. 2018).

3

### III. Analysis

Little East first objects to the R&R on the ground that the R&R did not address its argument that it constitutes an insured under subsection (e) of the Foremost policy, which defines an insured as: "Any person organization with whom you agree, because of a written contract, to provide insurance such as is afforded under this policy, but only with respect to liability arising out of your operations, 'your work' or facilities owned or used by you."  Pl.'s 56.1, ECF No. 30-13 ¶ 2.

Little East is correct that the Judge Shields did not specifically address the argument that the area where Ventura slipped qualifies as a "facility."  But after a de novo review that includes consideration of Little East's argument brought under subsection (e) of the policy, the Court agrees with Judge Shields's conclusion that summary judgment for Foremost on this claim should be granted and that summary judgment for Little East should be denied.

In particular, although the Judge Shields did not explicitly determine whether the sidewalk leading to the parking lot constituted a "facility . . . used by" Ventura such that Little East qualifies as an insured under the Foremost policy, Judge Shields did assess whether there was the requisite causal relationship between the injury and the risk for which overage is provided.  R&R at 13 ("Ventura's injuries did not 'arise out of' her maintenance or use of the Premises since she leased only Suite 5 on the second floor, and not the walkway outside of it, for which she had no duty to maintain. . . . Ventura's injury was not a risk for which Foremost provided insurance coverage . . . ." (citing *Chappaqua Central*

4

*School District v. Phila. Indemnity Ins. Co.*, 48 N.Y.S.3d 784 (2d Dep't 2017); *Atlantic Ave. Sixteen AD, Inc. v. Valley Forge Ins. Co.*, 56 N.Y.S.3d 207 (2d Dep't 2017)).

Such analysis is dispositive whether the Court is assessing subsection (e) or subsection (f) of the policy, since an entity qualifies as an insured under subsection (e) "only with respect to liability *arising out of* your operations, 'your work' or facilities owned or used by you." R&R at 2; Pl.'s 56.1 ¶ 2; *see Christ the King Reg'l High Sch. v. Zurich Ins. Co. of N. Am.*, 937 N.Y.S.2d 290, 293–94 (2d Dep't 2012) (explaining that provision 2.e of the Commercial General Liability Coverage Form "requires that there be some causal relationship between the injury and the risk for which coverage is provided"); *Regal Constr. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 15 N.Y.3d 34, 38 (2010) ("We have interpreted the phrase 'arising out of' in an additional insured clause to mean originating from, incident to, or having connection with. It requires only that there be some causal relationship between the injury and the risk for which coverage is provided." (internal quotation marks and citations omitted)).

The Court agrees with the Judge Shields's thorough and well-reasoned analysis that there was no bargained-for risk that Foremost took on with respect to an exterior walkway in a common area of the premises, when Ventura's lease only imposed obligations on her with respect to the discrete office suite she rented on the second floor. R&R at 13 ("Ventura's injury was not a risk for which Foremost provided insurance coverage, and as such, Foremost should have no obligation to

5

defend or indemnify Little East with respect to the Underlying Action (citing *Christ the King*, 937 N.Y.S.2d 290)). Accordingly, even if the sidewalk leading to the parking lot constituted a "facilit[y] . . . used by" Ventura, Little East would not qualify as an insured under subsection (e).

However, Little East's objection also must fail because it has cited no authority to support its assertion that the sidewalk leading to parking lot (where Ventura slipped and fell) constitutes a "facilit[y] . . . used by" Little East—a tenant of a second-floor office suite—for the purpose of determining whether Little East is an insured. Perhaps one could categorize a parking lot as a "facility" as a general matter, as Little East urges, *see* Obj. at 7 (collecting cases using "parking lot" and "facility" in the same sentence), but Little East has not pointed to any analogous case law in the duty to indemnify context interpreting *a sidewalk leading to a parking lot* as a "facility" where, as here, a tenant rents a discrete second-floor office suite.

Little East cites *Landpen Co., L.P. v. Maryland Cas. Co.*, 03 Civ. 3624 (RJH) (HBP), 2005 WL 356809, at *7 (S.D.N.Y. Feb. 15, 2005), which Foremost encourages the Court not to consider because Little East cites this case for the first time in its objection to the R&R, *see* Opp'n to Obj. at 4. But *Landpen* does not support Little East's argument. There, the tenant's insurer argued that it had no duty to indemnify the property owner because the injury occurred while a student was "opening a window" in a classroom on the seventh floor. *Landpen*, 2005 WL 356809, at *7. The tenant had leased the building from the owner for use as a school. *Id.* at

6

\*2. The court held that entire property, "including the classroom on the seventh floor where Lugo was injured, is certainly a 'facility'" within the meaning of the policy and rejected the insurer's unsupported attempt to distinguish between the window (which it contended was a "structure") and the tables and chairs (which it conceded were "facilities"). *Id.* at \*7. Certainly, where a tenant leased an entire building, a window in that building would be considered part of the "facilities . . . used by" the tenant. Even if this case had been properly presented to the Magistrate Judge, it does not support the proposition asserted by Little East: that a walkway that is outside of an exterior building exit, which itself leads to a parking lot, constitutes a "facilit[y] . . . used by" a tenant of a single office suite on the second floor of a building, as that term is set forth in the Foremost policy.[1]

## IV. Conclusion

In sum, upon careful review and consideration, the Court finds Judge Shields's R&R to be well-reasoned and free of clear error and, to the extent that Little East is entitled to a de novo review of its insured status under subpart (e) of the contract, agrees with Judge Shields's conclusion that Little East does not qualify as an insured under the Foremost policy. Foremost is therefore entitled to summary judgment.

---

[1] Little East also objects to dicta in the R&R's analysis noting that, had Ventura been a third-party visiting the property at the time of the accident and not a tenant, "a different outcome might ensue." R&R at 14. Little East makes no specific arguments explaining why the Judge Shields's reasoning is incorrect on this point, but merely rehashes arguments raised in its motion for summary judgment. *See* Obj. at 10–11, Mem. in Supp. of Mot. for Summ. J., ECF No. 31-13 at 7–8. The Court finds no clear error in Judge Shields's analysis. *See Pall Corp.*, 249 F.R.D. at 51.

7

Accordingly, it is hereby ordered that the R&R is ADOPTED in its entirety, with:

1. Plaintiff's Summary Judgment Motion, ECF No. 30, being GRANTED in its entirety;

2. Defendant's Summary Judgment Motion, ECF No. 31, being DENIED;

3. Defendant's counterclaims, *see* ECF No. 12, seeking a defense and coverage as an identified insured in the Underlying Action, being DISMISSED.

The Clerk of Court is respectfully requested to enter judgment in favor of Plaintiff declaring that Plaintiff Foremost Signature Insurance Co. has no duty to defend or indemnify 170 Little East Neck Road, LLC, in connection with the Underlying Action brought by Linda Ventura in New York Supreme Court, Suffolk County.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: August 17, 2023
Brooklyn, New York